FILED
United States Court of Appeals
Tenth Circuit

September 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE T. DUGAN; LARRY W.
DURBIN; JESSE R. MASTERS;
STEVEN M. OTT; ALTA J. WILLIE;
LINDA F. LEIGHTON; GARY RAY;
BRENDA K. BROOME; HAROLD
RIDER; DEVONNA D. EASTER,

     Plaintiffs-Appellants,

v.

AMTEX SECURITY, INC., d/b/a Amtex
Global Services,

     Defendant-Appellee.

----------------------------------

INTERNATIONAL UNION SECURITY,
POLICE AND FIRE PROFESSIONALS
OF AMERICA, LOCAL UNION
NO. 796,

     Defendant.

No. 13-7004
(D.C. No. 6:11-CV-00176-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Plaintiffs George T. Dugan; Larry W. Durbin; Jesse R. Masters; Steven M. Ott; Alta J. Willie; Linda F. Leighton; Gary Ray; Brenda K. Broome; Harold Rider; and Devonna D. Easter appeal the magistrate judge's grant of summary judgment in favor of their former employer, Amtex Security, Inc. ("Amtex"). Plaintiffs claimed unlawful age discrimination under the Age Discrimination and Employment Act ("ADEA"). Although the plaintiffs' claims against another party were not resolved, the magistrate judge certified his judgment for immediate appeal under Fed. R. Civ. P. 54(b). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). His order accurately and thoroughly recounts the factual and procedural background of this case, and we briefly summarize only the most salient facts. Amtex provides security guards to the United States Army under a contract requiring guards to pass an annual physical agility test ("PAT") prescribed by Army Regulation ("AR") 190-56. Prior to 2010, the PAT divided agility standards by age. The Army revised AR 190-56 in 2009, requiring all guards to meet the same standards regardless of age. The plaintiffs, all over age 50, were employed by Amtex as Army-contract security guards. Amtex began using the new PAT in January 2010. The plaintiffs failed to pass that PAT in September 2010, and again in December 2010, after which Amtex terminated them.

Applying the traditional burden-shifting analysis for discrimination claims, the magistrate judge ruled that the plaintiffs had established a prima facie claim of disparate treatment under the ADEA. He also ruled that Amtex's proferred reason for terminating the plaintiffs—because they failed the PAT—was a legitimate, non-discriminatory reason for the adverse action. The plaintiffs sought to meet their burden to show Amtex's proferred reason was a pretext for discrimination. They argued Amtex could have delayed implementation, or sought an exemption from, the new PAT. They also argued Amtex could have permitted them to take an alternate test permitted by AR 190-56 for medical reasons, as a 55-year old Amtex guard was allowed to do. In reply, Amtex presented evidence the Army required implementation of the new PAT in January 2010; that Amtex was required to comply with the new PAT, and that the Army, not Amtex, refused to allow the plaintiffs to take an alternate test. The magistrate judge ruled that the plaintiffs failed to present evidence of pretext sufficient to permit an inference of age discrimination. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169 (10th Cir. 2007) (holding evidence of pretext defeats summary judgment if it could reasonably lead to an inference of discrimination).

The magistrate judge also ruled that the plaintiffs had established a prima facie disparate impact claim under the ADEA, given its evidence the new PAT caused a significant disparate impact on older workers. He further ruled that Amtex met its burden of producing evidence that its use of the new PAT was based on a reasonable

- 3 -

factor other than age, namely to satisfy the requirements of its contract with the Army. Finally, he concluded the plaintiffs failed to present any evidence from which a jury could conclude that compliance with the new PAT was unreasonable. *See Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1200 (10th Cir. 2006) (holding employee must persuade factfinder the employer's asserted basis for the neutral policy is unreasonable). Thus, the magistrate judge granted summary judgment in favor of Amtex.

On appeal, the plaintiffs contend that (1) they presented sufficient evidence of pretext on their disparate treatment claim; (2) the magistrate judge erroneously ruled Amtex only needed to present evidence it honestly believed its proffered reasons and acted in good faith upon those beliefs; and (3) compliance with the new PAT standards were unreasonable because not all their job functions required strenuous physical training. We have conducted an independent review of the appellate record, and the summary judgment order, and we have thoroughly considered the parties' briefs and arguments on appeal. We conclude the magistrate judge applied correct legal standards, and we agree with his well-reasoned analysis and conclusions that the plaintiffs failed to create a genuine issue of fact as to either pretext or the reasonableness of Amtex's business need to comply with its contractual PAT obligations. We therefore affirm the entry of summary judgment in favor of Amtex

for substantially the same reasons relied on by the magistrate judge in his order dated September 26, 2012.

Entered for the Court

John C. Porfilio
Senior Circuit Judge